Barry WATES, Brenda Kelly, and
Jim Wates, Respondents,

v.

Clement H. JOERGER, Appellant.

No. 19639.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 1995.

John Alpers, Jr., Cabool, for appellant.

William E. Gladden, Houston, for respondents.

PARRISH, Judge.

This is an appeal from a judgment denying a counterclaim seeking reformation of a deed. The deed conveyed real estate to two grantees as tenants in common. Appellant Clement Joerger (sometimes referred to as "Clem") sought reformation so that the conveyance to the grantees would be as joint tenants. The trial court did not grant reformation. This court affirms.

Emma Wates and Clement Joerger acquired certain real estate in Texas County by means of a warranty deed dated April 8, 1974. The deed was filed in the Office of Recorder of Deeds of Texas County April 24, 1974. It named Emma and Clem as grantees.[1] It stated that each was a single person.

Emma died intestate December 23, 1989. She was survived by a daughter, Brenda Kelly, and two sons, Barry Wates and Jim Wates.

Following Emma's death her children filed suit in the Circuit Court of Texas County seeking to partition the real estate. Each of the three children claimed an undivided one-sixth interest in the real estate. The petition alleged that Clem owned an undivided one-half interest in the property.

Clem was the only defendant. He counterclaimed seeking reformation of the warranty deed by which he and Emma acquired title to the property. He asked that the deed be reformed "to properly name the Grantees therein as joint tenants with right of survivorship and not as tenants in common."

The trial court denied the counterclaim. It declared that Clem owned an undivided one-half interest in the real estate. It declared that Barry Wates, Barbara Kelly and Jim Wates each owned an undivided one-sixth interest in the real estate. Judgment was entered partitioning the real estate accordingly.

Appellant presents two points on appeal. The first contends the trial court erred in failing to reform the warranty deed by which Clem and Emma acquired title to the real estate. Appellant contends the denial of the counterclaim was contrary to the weight of the evidence; that it was not supported by substantial evidence; that it is an erroneous application and declaration of law. The second contends the trial court erred in admitting, over his objection, hearsay testimony of respondents.

■ Appellant's points on appeal do not comply with Rule 84.04(d).[2] Neither point identifies "wherein" the record of proceedings before the trial court supports the ruling appellant contends should have been made. The "wherein" requirement of Rule 84.04(d) is met by including a statement in the point relied on that "inform[s] the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken." *Bentlage v. Springgate,* 793 S.W.2d 228, 229 (Mo.App.1990).

■ Point I recites the criteria for appellate review established by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Point I fails, however, to state what evidence established the elements of proof required to reform the deed.

■ Point II states only that the trial court erred in admitting hearsay evidence to which appellant objected. It does not identify the testimony about which appellant complains or the identity, with respect to the

---

1. Emma's name appeared on the deed as "Waites." The pleadings acknowledge that "Emma Wates a/k/a Emma Waites" was Clem's co-grantee.

2. "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous,...." Rule 84.04(d).

parties to the lawsuit, of the out-of-court declarant. Point II does not state how the record on appeal provides a basis for the ruling appellant contends the trial court should have made.

Because they fail to comply with Rule 84.04(d), neither of appellant's points preserve anything for appellate review. *See In Int. of S.J.G.*, 871 S.W.2d 638, 641 (Mo.App. 1994). This court may, nevertheless, look to the argument portion of appellant's brief to determine if there was plain error affecting substantial rights which, though not preserved, may have resulted in manifest injustice or a miscarriage of justice. Rule 84.13(c). *See Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.1988).

█ Looking first at the issue Point II attempts to raise, appellant complains about testimony Emma's son, Jim Wates, and daughter, Brenda Kelly, gave. Jim Wates and Brenda Kelly were permitted to testify about statements Emma made to them concerning the property in question. The witnesses testified that before the land was purchased, Emma told them part of the land would be Clem's and part would be theirs. Jim Wates testified that after the land was purchased, Emma told him half the land was hers and half was Clem's. He testified about another conversation in which Emma said if Clem passed away, "half the land goes to his parents," and if she passed away, "the land goes to you."

Brenda Kelly testified that she had a conversation with Emma about different forms of ownership of real estate. Brenda was in the process of purchasing real estate at the time. Emma told Brenda that the deed to the property in question was made out "so that [Emma's] children would be her heirs."

Section 491.010 [3] states:

1. No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credibility.

2. In any such suit, . . . where one of the parties to the . . . transaction . . . is

dead . . . and the adverse party or his agent testifies with respect thereto, then any relevant statement or statements made by the deceased party . . . shall not be excluded as hearsay, . . . .

3. The provisions of this section shall apply to all trials commenced after September 28, 1985.

The transaction that is the subject of the action for reformation of deed was the conveyance of the real estate to Clem and Emma. Clem and Emma, as the named grantees in the warranty deed, were parties to the transaction. Emma was dead at the time of trial. Clem testified. His interests in the transaction were adverse to Emma's and, by reason of her death, to the interests of her children, her heirs.

The statements about which Emma's son and daughter testified were relevant to the trial. The statements went to the issue of whether a mistake was made with respect to the manner in which title was conveyed to Clem and Emma, i.e., whether the conveyance was intended by Clem and Emma to create ownership interests as joint tenants rather than tenants in common. Section 491.010 makes the testimony admissible. The trial court committed no error, plain or otherwise, in overruling Clem's objection and admitting the testimony in evidence.

Point I contends the trial court's denial of appellant's counterclaim to reform the deed in which he and Emma were grantees "is against the weight of the evidence, is unsupported by substantial evidence and erroneously declares and applies the law."

█ A party seeking to reform a deed must show a preexisting agreement between the parties affected by the proposed reformation that is consistent with the change sought; that a mistake was made in that the deed was prepared other than had been agreed upon; and that the mistake was mutual, i.e., was common to both parties. *Kruse v. Johnson*, 689 S.W.2d 114, 116 (Mo.App. 1985); *Mills v. Cameron Mut. Ins. Co.*, 674 S.W.2d 244, 249 (Mo.App.1984).

---

**3.** References to statutes are to RSMo 1986.

The trial court tried this case without a jury. The trial court, therefore, was the fact finder. It viewed the witnesses and had a superior opportunity to judge their credibility. This court gives due regard to its determinations in that regard. Rule 73.01(c)(2).

In considering the sufficiency of the evidence at trial, the trial court was entitled to accept or reject all, part or none of any witness' testimony. *Mills v. Cameron Mut. Ins. Co., supra,* at 246–47. On appeal, this court accepts as true the evidence and inferences therefrom that are favorable to the prevailing party. *Id.* at 247. Contradictory testimony is disregarded. *Id.*

In this case the only evidence of an intent to own the property as joint tenants was from Clem's testimony and, to a lesser extent, from testimony of Neil Sheldon, the real estate agent with whom Clem dealt when the property was purchased. Clem was asked if at the time he agreed to purchase the property, he told Neil Sheldon how he wanted to take title. Clem answered:

> I told him that we was purchasing it, and whoever died first, it went to the other one is the way I explained it to him. And I don't know the terms of real estate, and apparently it didn't get did that way. I thought it was. I told him, you know. When you pay someone to do something, you assume they know what they're doing. Whatever happened, I don't know; but that was bought between us two, and then whoever died first it was all the farm to go to the other person that was left.

Neil Sheldon testified that he dealt with Clem with respect to the sale of the property. He did not deal personally with Emma. She was in California.

Clem signed the contract for the purchase of the real estate and paid the earnest money deposit that Sheldon held in escrow. Mr. Sheldon stated that he turned the transaction over to an attorney to prepare the paperwork required to close the deal. He was asked if Clem told him how he wanted to hold title. Mr. Sheldon answered, "My recollection is Mr. Joerger wanted right of survivorship between himself and Ms. Wates. We talked all day long. There was some mention of other property held out of state, in that manner." Sheldon acknowledged, however, "Understanding this has been 20 years." Mr. Sheldon stated he did not know if he told the attorney who prepared the instruments for use in closing the real estate transaction that the property should be conveyed to the buyers as joint tenants with right of survivorship.

A warranty deed was prepared. A promissory note for part of the purchase price and a deed of trust were prepared. The promissory note and deed of trust were sent to Emma in California for signature.

There was no evidence that Emma had a preexisting agreement with Clem that they were to hold title to the real estate as joint tenants. There was no showing that a mutual mistake occurred between Clem and Emma that resulted in the real estate being erroneously conveyed to them as tenants in common. Clem sought reformation. He had the burden of proving that a mistake occurred. *Morrison v. Jack Simpson Contractor, Inc.,* 748 S.W.2d 716, 717 (Mo.App.1988). He failed to do so. No error occurred. The judgment is affirmed.

CROW and SHRUM, JJ., concur.