**Erick C. MILLS, Plaintiff/Respondent,**

v.

**DIRECTOR OF REVENUE STATE OF MISSOURI Defendant/Appellant.**

No. 72131.

Missouri Court of Appeals, Eastern District, Division One.

March 17, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charles L. Gooch, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

Jack C. Harper, St. Louis, for Respondent.

PUDLOWSKI, Judge.

Director of Revenue (Director) appeals the judgment of the Circuit Court of Saint Louis County ordering the reinstatement of driving privileges to Respondent Erick C. Mills (Respondent). The trial court excluded copies of various records because Director failed to serve Respondent with the documents in the requisite time period and Director failed to provide an adequate foundation for admission. Accordingly, the trial court ruled that the Director improperly revoked Respondent's driving privileges. Reversed and remanded.

■ Upon review, we will affirm the decision to reinstate Respondent's driving privileges unless the judgment is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Gordon v. Director of Revenue, State of Missouri*, 896 S.W.2d 737, 739 (Mo.App. E.D. 1995). We view the evidence in the light most favorable to the judgment. *Wofford v. Director of Revenue*, 868 S.W.2d 142, 143 (Mo.App. E.D.1993).

On 20 September 1996, Respondent was arrested for driving while intoxicated in Saint Louis County. His license was suspended. Respondent filed for a trial de novo within

fifteen days of an adverse ruling by the Administrative Review Hearing.

On 4 February 1997, the parties appeared in Division 47 of the Circuit Court of Saint Louis County for the trial de novo. Director submitted three exhibits in lieu of testimony. The trial court accepted Exhibits A and C. However, the trial court excluded Exhibit "B" because it did not satisfy the time requirement of Section 490.692.2 RSMo (1994). Additionally, the trial court sustained objections of lack of foundation and authentication under Section 302.312 RSMo (1996).

Due to the exclusion of Exhibit B, there was "no evidence that the officer had probable cause to believe [Respondent] was operating a motor vehicle while intoxicated, no arrest and no test result." The trial court entered judgment against Director and reinstated Respondent's driving privileges. Director appeals.

Director contends that due to the statutory revisions of Section 302.312 RSMo (1996), the trial court improperly excluded the public documents of Exhibit B. We agree.

The seminal case interpreting Section 302.312 RSMo (1986) [1] is *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc 1993). Under *Hadlock,* copies of public documents are still subject to the foundational requirements of authentication and hearsay before they may be admitted into evidence. *Id.* at 338. This statute only presented a best evidence exception to alleviate the need to present originals. *Id.*

Section 302.312 remained unchanged until the legislature modified it in 1995 and again in 1996.[2] When enacting changes to statutes, the legislature is presumed to understand the state of the law at the time of its enactment. *Matter of Nocita*, 914 S.W.2d 358, 359 (Mo. banc 1996) (citing *Nicolai v. City of St. Louis*, 762 S.W.2d 423, 426 (Mo. banc 1988)). In construing statutes, we presume the legislature intended to change the existing law. *Kilbane v. Director of Dept. of Revenue*, 544 S.W.2d 9, 11 (Mo. banc 1976). The legislature acts with a purpose rather than intending a useless act. *Id.*

Thus, the legislature intended to change the law and *Hadlock* is no longer the controlling case in interpreting this statute. The primary rule of statutory interpretation requires us to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words in the statute. *Jones v. Director of Revenue*, 832 S.W.2d 516, 517 (Mo. banc 1992). When a statute has clear and unambiguous language, there is no room for construction. *Id.*

The language of Section 302.312 RSMo (1996) is clear and unambiguous. Copies of documents from the department of revenue are admissible as evidence so long as the copies are properly certified. In this case, Director presented Exhibit B for admission as evidence. Exhibit B consisted of copies of documents with an attached letter

1. Section 302.312 RSMo (1986) provides:
   **Department of revenue and department of health, bureau of vital statistics, records, admissible in evidence, when.**—Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any mater recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same matter and with like effect as the originals.

2. Section 302.312 RSMo (1996) provides:
   **Department of revenue and department of health, bureau of vital statistics, records, admissible in evidence, when, foundation**
   Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital

records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.
A computer terminal printout of an individual driving record through the Missouri uniform law enforcement system from the department of revenue database, certified by an officer of the local law enforcement agency, shall be admissible in evidence in all courts of this state. A local law enforcement agency equipped with a computer terminal shall provide a motor vehicle driver with a copy of such printout relating to the license of such motor vehicle driver upon the execution of a written request. The local law enforcement agency may charge an administrative fee not to exceed five dollars per copy.

of certification[3] Therefore, the trial court erred in excluding Exhibit B from evidence.

The trial court erroneously applied the law and accordingly, we reverse its judgment and remand the cause.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.

3. The certified cover letter was from the State of Missouri Department of Revenue, it was signed by the custodian of records and notarized. The letter contained the following language:
This is to certify that the attached documents are true and authentic records of the Drivers License Bureau, Missouri Department of Revenue, for the above individual [Respondent] relating to the driver license history and administrative alcohol case document.