Robert Russell BROOKS, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. 22342.

Missouri Court of Appeals, Southern District, Division One.

Nov. 24, 1998.

Robert S. Adler, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before PREWITT, P.J., and CROW and BARNEY, JJ.

PER CURIAM.

Robert Russell Brooks (petitioner) was arrested for driving while intoxicated August 17, 1996. A blood alcohol test was administered. It revealed alcohol concentration in petitioner's blood of ten-hundredths of one percent or more by weight. *See* § 302.505.1.[1] The arresting officer filed a report of the circumstances of the arrest as required by § 302.510. Petitioner's driving privileges were suspended. An administrative hearing was held as permitted by § 302.530. The suspension order was sustained. Petitioner filed a petition for trial de novo pursuant to § 302.535.1. Following a hearing, judgment was entered upholding the suspension. Petitioner appeals that judgment. This court affirms.

There are two requirements for suspension of driving privileges by reason of § 302.505. The evidence must show (1) that the driver was arrested upon probable cause that he or she was driving under conditions that consti-

tuted commission of an alcohol-related offense, and (2) the driver's blood alcohol content was at least .10% by weight. *Kienzle v. Director of Revenue*, 944 S.W.2d 326, 327 (Mo.App.1997). Petitioner contests only element (2). He contends the trial court erred in admitting in evidence documents relative to the accuracy of the machine used in administering the breath test that revealed his blood alcohol content was .10% or more.

Petitioner bases his claim of error on the admission in evidence of Respondent's Exhibit No. 1. It is a seven-page exhibit consisting of:

(1) "CERTIFIED COVER LETTER" signed by a "custodian of records" for the Drivers License Bureau of the Department of Revenue attesting that five attached documents were "true and authentic records of the Drivers License Bureau, Missouri Department of Revenue for [Robert R. Brooks] relating to driver license history" and "[a]dministrative case documents."

(2) Photocopy of ticket issued petitioner identified by printing on the bottom of the form as "ARREST RECORD" and photocopy (on the same page) of printed record from the machine used to analyze petitioner's breath with the results of the test.

(3) Photocopy of "BLOOD ALCOHOL TEST REPORT" completed by the operator of the machine used to administer petitioner's test.

(4) Photocopy of a form identified as "FORM 2389" entitled "IMPLIED CONSENT." The form recites (by checking appropriate boxes) that petitioner was under arrest for driving while intoxicated; that he was requested to submit to a test of his breath; that his driver's license could be revoked for one year if he refused; that evidence of refusal could be used against him in court. These statements are followed by a response to the question of whether he would take the test. The response that was checked was, "Yes." Other information

---

1. References to statutes are to RSMo 1994 unless stated otherwise.

appears concerning whether there was a request to contact an attorney and the time.

(5) Photocopy of a form identified as "MO 580–1468 (9–94)" entitled, "DATAMAS-TER MAINTENANCE REPORT." It contains information relative to maintenance performed on the machine used to administer the test of petitioner's breath.

(6) Photocopy of a form on the letterhead of "REPCO MARKETING INC." The form is entitled, "CERTIFICATE OF ANALYSIS." It contains data concerning the sampling of a particular "Lot" of "Alcohol Certified Solution" used in testing the machine used to administer the test of petitioner's breath.[2]

(7) Certified copy of a "PERMIT TYPE III" issued to Kyle D. Holt by the Missouri Department of Health. It states that Kyle D. Holt is "authorized to operate the following breath analyzer(s): *Breathalyzer 900, 900A, BAC Verifier and Data Master* for the determination of the alcoholic content of blood from a sample of expired (alveolar) air" and recites the statutes pursuant to which the permit is issued.

Cpl. Kyle Holt, a Missouri Highway Patrol officer, administered the breath test to petitioner. He testified at trial. He described what occurred up to the time the test was administered. He was asked if the machine used in the test "appear[ed] to be functioning normally before, during, and after the test[.]" He answered, over petitioner's objection, that the machine functioned according to what he expected based on his training. Cpl. Holt was asked, "What was the result the machine gave you?" Petitioner's attorney objected saying, "Well, I'm going to object that there's not a proper foundation." The trial judge overruled the objection.

The following dialogue then took place between petitioner's attorney and the trial court:

[PETITIONER'S ATTORNEY]: But, Judge, the law requires that I make an objection to the result under Sellenriek[3] if they haven't shown a maintenance report—the completion of a valid maintenance report within 30 days; and I'm objecting to the results under the Sellenriek case, just for purposes of the record.

THE COURT: Okay. Your objection is duly noted. You may continue, Mr. Bates [the Director of Revenue's attorney].

Cpl. Holt was again asked what the test result was. He answered, "The result of .13 percent."

Cpl. David Erb, another Missouri Highway Patrol officer, testified following Cpl. Holt. He stated that he had a Type II breathalyzer permit. Cpl. Erb explained that a Type II permit enabled him to perform routine maintenance on breathalyzer machines to make sure they were operating properly. He told the trial court he had a Type II permit July 29, 1996; that he performed a maintenance check on that date on the machine used to administer the test to petitioner. He referred to the fifth page of Respondent's Exhibit No. 1, the copy of the DataMaster Maintenance Report (the maintenance report). He identified it as a record of the maintenance he performed July 29, 1996, on the machine that was used to administer the test to petitioner. He testified, without objection, "[t]hat the machine was operating within the tolerances set by the Department of Health."

Cpl. Erb was then asked about the sixth page of Exhibit No. 1, the RepCo Marketing, Inc., Certificate of Analysis. He identified it as "a certificate of analysis from—analysis from the Repco Company; they make the simulator solution that we use to test the machine." He testified that the form he filled out, the maintenance report, reflected that he used the RepCo solution .10% and

---

**2.** The certificate of analysis was an attachment to the maintenance certificate. The pages described in paragraphs (5) and (6) were one "document" for purposes of the affidavit of the custodian of records described in paragraph (1).

**3.** *See Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 341 (Mo. banc 1992).

stated the lot number and expiration number for the solution; that the lot and expiration number on the certificate from RepCo conformed to the information he entered on the maintenance report. Cpl. Erb testified that the copies of certificates of analysis were shipped to the highway patrol by RepCo; that attachment of the certificate of analysis to the maintenance report he prepared was accomplished by office personnel of the patrol.

When Respondent's Exhibit No. 1 was offered in evidence, petitioner's attorney objected:

> There's been no proper business record foundation as it relates to the second page of the exhibit. In particular, it contains hearsay information as to the alleged time of the incident. And I would object to the ticket for that purpose and as it relates to the certificate of analysis. Again, there is no business record foundation to receive this document in evidence.
>
> I have no objection to the Type III Permit being received in evidence or the Datamaster maintenance report being received in evidence or page 3 of the AIR being received in evidence or the checklist with the exception of the result pursuant to the objection I made earlier.

The objection was overruled except as to the copy of the traffic ticket issued to petitioner that appeared on page 2 of the exhibit. The exhibit, other than the part to which the objection was sustained, was admitted in evidence.

Petitioner presents one point on appeal. It states:

> The trial court erred in admitting the certificate of analysis contained within Respondent's Exhibit 1 over petitioner's objection in that respondent failed to lay a proper foundation for its admission, it constitutes improper hearsay, and it contains double hearsay. Therefore, the trial court erred in finding in respondent's favor on [petitioner's] petition because the respondent failed to lay a proper foundation for the admission of the breath analysis test result by failing to prove that the test was performed according to methods approved by the state department of health.

■ In order for a point on appeal to present an issue for appellate review it must comply with requirements of Rule 84.04. *Wates v. Joerger,* 907 S.W.2d 294, 296 (Mo.App.1995); *Plunk v. Hedrick Concrete Products Corp.,* 870 S.W.2d 942, 946 (Mo.App. 1994); *Luna v. Smith,* 861 S.W.2d 775, 781 (Mo.App.1993).

> Rule 84.04(d) requires that points relied on "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." The "wherein" requirement is met by including a statement in the point relied on that "inform[s] the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken." *Bentlage v. Springgate,* 793 S.W.2d 228, 229 (Mo.App.1990).

*Branson Hills Associates, L.P. v. Millington,* 907 S.W.2d 231, 233 (Mo.App.1995).

■ The actions of the trial court about which petitioner's point complains is the overruling of his objection to page 6 of Respondent's Exhibit No. 1, the certificate of analysis from RepCo Marketing, Inc. The point states the reasons "why" the actions were erroneous were that "respondent failed to lay a proper foundation for its admission, it constitutes improper hearsay, and it contains double hearsay." It does not state "wherein" the foundation for admitting the document in evidence was improper. It does not state in what respect the document amounted to "improper hearsay and double hearsay." The point does not reveal what in the record on appeal provided a basis for the trial court to have sustained petitioner's objection to the admission of the exhibit in evidence, the ruling petitioner asserts the trial court should have made. *Wates v. Joerger, supra,* at 295–96.

Although petitioner's point on appeal fails to preserve anything for appellate review, this court may look to the argument portion of the brief to ascertain if plain error affecting substantial rights was committed which, though not preserved, may have resulted in manifest injustice or a miscarriage of justice. *Id.* at 296; Rule 84.13(c).

Petitioner argues that the certificate of analysis was not a record of the Department of Revenue; that it did not qualify as a record admissible by reason of a custodial affidavit of personnel of that department. He argues the information on the certificate of analysis was, therefore, "improper hearsay" for purposes of establishing a foundation for admitting in evidence the results of the test Cpl. Holt administered to petitioner that revealed petitioner's blood alcohol content was .13%.

■ In this case Cpl. Erb prepared the maintenance report, a copy of which was admitted in evidence as the fifth page of Respondent's Exhibit No. 1. He testified that the certificate of analysis (the manufacturer's certification) of the solution used to test the accuracy of the machine used to test petitioner's breath, the sixth page of the exhibit, was received by the patrol from RepCo and attached to his maintenance report by personnel in the patrol office out of which he worked. It was then transmitted to and deposited with the Department of Revenue.

Section 302.312.1, RSMo Supp.1996, provides:

Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue ..., properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

The page of Respondent's Exhibit No. 1 about which petitioner complains was shown to have been lawfully deposited in the offices of the Department of Revenue. It was properly certified by an appropriate custodian of that office. It was admissible in evidence. *See Coleman v. Director of Revenue,* 970 S.W.2d 394, 396–97 (Mo.App.1998); *Crimmins v. Director of Revenue,* 969 S.W.2d 364, 365–66 (Mo.App.1998); *Mills v. Director of Revenue,* 964 S.W.2d 873, 875 (Mo.App.1998).

This procedure was approved for purposes of establishing a foundation for the admission of test results in a license revocation case in *Vilcek v. Director of Revenue,* 974 S.W.2d 602, 604 (Mo.App.1998). *See also, Threlkeld v. Director of Revenue,* 977 S.W.2d 295 (Mo.App.1998). The judgment upholding the suspension of petitioner's license is affirmed.

All concur.