**Maria T. DUGAN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 55099.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. General, Jefferson City, for appellant

Charles McKeon, Kansas City, for respondent

Before ULRICH, P.J., SMART, J. and EDWIN H. SMITH, J.

ULRICH, Presiding Judge.

The Director of Revenue (Director) appeals the judgment of the trial court ordering reinstatement of the driving privileges of Maria Dugan. The trial court excluded various Department of Revenue records because the Director failed to serve Ms. Dugan with the records at least seven days prior to trial in accordance with the business records statute, section 490.692, RSMo 1994. Because the records were the only evidence offered by the Director in support of her case, the court ruled that the Director improperly revoked Ms. Dugan's driving privileges. On appeal, the Director claims that the records were admissible as evidence under the recently amended section 302.312, RSMo Cum.Supp. 1997. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

Maria Dugan was arrested on August 29, 1996, for driving while intoxicated. Her driver's license was subsequently suspended by the Director under section 302.505, RSMo 1994. Ms. Dugan filed a petition for trial de novo in the Jackson County Circuit Court. At trial, the Director did not present any witnesses but submitted Exhibit 1, certified copies of Department of Revenue records including a Blood Alcohol Test Report, copies of the traffic tickets issued to Ms. Dugan, the arresting officer's breath test certification and permit, and the breath analyzer maintenance reports. Ms. Dugan objected to the introduction of Exhibit 1 claiming that the records had not been furnished to her at least seven days prior to trial as required by the business records statute, section 490.692, RSMo 1994. The trial court ultimately sustained the objection and excluded the records. Because no other evidence was offered by the Director, the trial court determined the issues of the case in favor of Ms. Dugan and ordered the Director to reinstate her driving privileges. This appeal by the Director followed.

On appeal, the Director claims that the trial court erred in excluding Exhibit 1 under the business records statute. She argues that the records were admissible under the recently amended section 302.312, RSMo Cum.Supp.1997.

The judgment of the trial court must be affirmed on appeal unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 302.312.1 provides:

Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

■ § 302.312.1, RSMo Cum.Supp.1997. Unlike the business records statute, section 302.312.1 does not require that all parties be served with copies of the records prior to trial. Instead, copies of documents from the Department of. Revenue are admissible as evidence if the copies are properly certified. *Mills v. Director of Revenue,* 964 S.W.2d 873, 875 (Mo.App. E.D.1998). *See also Coleman v. Director of Revenue,* 970 S.W.2d 394, 396 (Mo.App. S.D.1998).

■ In this case, the Director presented Exhibit 1 consisting of various records from the Department of Revenue for admission as evidence. Attached to the exhibit was an affidavit of the custodian of the records certifying the records. Exhibit 1, therefore, was admissible as evidence, and the trial court erred in excluding it.

Although Ms. Dugan concedes in her brief that the trial court erred in excluding Exhibit 1 in light of section 302.312, RSMo Cum. Supp.1997, and *Mills,* she contends that the trial court's judgment reinstating her driving privileges should, nevertheless, be affirmed. Ms. Dugan argues that because she presented evidence, in the form of her own testimony, drawing into question the credibility of the written reports regarding probable cause and because the court ruled in her favor, the court necessarily determined the credibility

issue in her favor. Conversely, the Director of Revenue contends that remand is not necessary after reversal because Exhibit 1 contained substantial evidence to prove the issues under section 302.505, RSMo 1994, in her favor.

Both parties, however, are mistaken. The trial court excluded the records of the Department of Revenue. It, therefore, did not consider the records in rendering its judgment in Ms. Dugan's favor. Because the Director had the burden of proof under section 302.535, RSMo 1994, to adduce evidence to support her revocation of Ms. Dugan's driver's license and the records constituted the only evidence offered by the Director to support her case, the trial court effectively found that the Director failed to prove her case and did not reach the issue of credibility. The case, therefore, must be remanded to the trial court.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

All concur.