Ronald D. HACKMANN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 74358.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 18, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

David J. Sokolowski, Florissant, for respondent.

PAUL J. SIMON, Presiding Judge.

The Director of Revenue (Director) appeals from a judgment entered by the Circuit Court of St. Louis County reinstating the driving privileges of Ronald D. Hackmann (driver) following a bench trial on driver's petition filed pursuant to section 302.535 RSMo 1994 (all further references shall be to RSMo 1994 unless otherwise noted) for *de novo* review of an administrative suspension of his license by the Department of Revenue.

On appeal, the Director contends that the trial court erred in (1) excluding the certificate of analysis for the simulator solution and the results of the breathalyzer test because they were properly certified as business records; and (2) reinstating driver's driving privileges because the trial court's decision was against the weight of the evidence. We reverse and remand.

■ We review the trial court's judgment pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), in that we must affirm if it has substantial evidentiary support, it is not against the weight of the evidence, and does not erroneously declare or apply the law.

The record, viewed in a light most favorable to the judgment, reveals that driver was arrested for driving while intoxicated on September 17, 1997. A blood alcohol test was administered which revealed that his blood alcohol content (BAC) was .185 percent. As a result of driver's arrest, the Director suspended his driving privileges pursuant to section 302.505. Driver requested an administrative hearing as permitted by section 302.530, at which the Director's suspension was upheld. Driver then filed his petition for trial *de novo*.

At trial, the Director offered the testimony of the arresting officer and submitted the following four exhibits: (A) the checklist from the alcohol influence report; (B) the printout of the results of the breathalyzer test; (C) the maintenance records for the breathalyzer; and (D) a file kept by the Department of Revenue containing records related to driver's arrest on September 17, 1997, including the checklist and printout, the maintenance records for the breathalyzer, and the certificate of analysis for the simulator solution.

When the Director offered Exhibit C, driver objected to it on multiple grounds, stating that the maintenance report contained double hearsay in that the certificate of analysis was prepared by RepCo and was not a valid business record of the Missouri Highway Patrol. Driver also argued that the certificate of analysis contained no date; therefore, he contended, it could not be determined if it was prepared at or near the time of the event, as required by section 490.680. Driver maintained that, without the certificate of analysis, the Director had failed to lay a foundation for admission of the test results because she failed to show compliance with Department of Health regulations.

The trial court excluded the certificate of analysis contained in Exhibit C, finding that, without a date, the certificate failed to comply with section 490.680. The trial court then concluded that, without the certificate of analysis, the maintenance report was incomplete; thus, it also excluded the results of the breathalyzer test contained in Exhibits A and B. When the Director offered Exhibit D, the records of the Department of Revenue, she argued that they were admissible pursuant to section 302.312. Nevertheless, the trial court ex-

cluded the certificate of analysis and the results of the breathalyzer test contained in those records, citing the same reasoning used to justify their exclusion from Exhibit C. After excluding this evidence, the trial court ruled that the Director had failed to establish her burden of showing that driver had a BAC of .10 percent or more and ordered driver's driving privileges reinstated.

In her first point on appeal, the Director argues that the trial court erred in excluding the certificate of analysis for the simulator solution and the results of the breathalyzer test because they were properly certified as business records.

At trial and on appeal, both parties have focused upon the admissibility of the certificate of analysis contained in Exhibit C as a business record of the Missouri Highway Patrol. Respondent's primary argument on appeal is that the certificate of analysis did not contain a date; thus, it could not be determined if it was prepared at or near the time of the event, as required by section 490.680. Nonetheless, whether the certificate of analysis contained in Exhibit C was a business record pursuant to section 490.680 is irrelevant under our analysis of this case. Instead, we focus on whether the certificate of analysis contained in Exhibit D was admissible as a business record of the Department of Revenue pursuant to section 302.312.

■ Section 302.312.1 provides as follows:

Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

Unlike section 490.680, section 302.312 contains no requirement that the records be made at or near the time of the event. Instead, copies of documents from the Department of Revenue are admissible as evidence if the copies are properly certified by the appropriate custodian or the Director. *Mills v. Director of Revenue,* 964 S.W.2d 873, 875 (Mo.App. E.D.1998); *see also Dugan v. Director of Revenue,* 979 S.W.2d 563, 564 (Mo.App. W.D.1998).

■ Here, the Director offered records from the Department of Revenue to the trial court in the form of Exhibit D. The record reveals that the records were certified by the custodian of records for the Department of Revenue. This certification included the following language: "It is further certified pursuant to Section 302.312 RSMo., that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue by the reporting agency or entity pursuant to the provisions of Chapters 302, 303 and/or 577 RSMo." Therefore, Exhibit D was admissible and the trial court erroneously applied the law in excluding the certificate of analysis. *See Brooks v. Director of Revenue,* 979 S.W.2d 257, 261 (Mo.App. S.D.1998); *Coleman v. Director of Revenue,* 970 S.W.2d 394, 397 (Mo.App. S.D.1998); *Mills,* 964 S.W.2d at 875–76.

In her second point on appeal, the Director maintains that the trial court erred in reinstating driver's driving privileges because the trial court's decision was against the weight of the evidence.

The record indicates that after the trial court excluded the Director's evidence, it entered an order reinstating driver's driving privileges before driver had an opportunity to present evidence. Therefore, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion. *See Dickerson v. Director of Revenue,* 957 S.W.2d 478, 481 (Mo.App. E.D.1997).

Judgment reversed and remanded.

KATHIANNE KNAUP CRANE, J. and LAWRENCE E. MOONEY, J., concur.