**Catherine M. JONES, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. ED 75568.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 23, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Eugene O. Howard, St. Louis, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director) appeals a judgment granting Catherine M. Jones' (Licensee) petition for limited driving privileges pursuant to Section 302.309.3 RSMo Cum.Supp.1997.[1] We reverse.

The evidence supports finding the following facts. On May 31, 1993, the Director suspended licensee's driving privileges pursuant to Section 302.505 RSMo Cum.Supp.1992 for driving with an excessive blood-alcohol content at the time of an automobile accident on May 16, 1993. The Director reinstated licensee on August 30, 1993. On March 24, 1995, licensee pleaded guilty to two charges of assault and one charge of vehicular manslaughter arising from the accident. Almost three years after her felony convictions, the Director notified licensee that her driving privileges would be denied for five years, effective April 1, 1998. The notice further informed licensee that she "may be eligible for relicensing" after March 24, 2000, thereby making the disqualification retroactive to the date of conviction.

After receiving the Director's notice, licensee filed a Petition for Review and Limited Driving Privileges pursuant to Sections 303.311, 536.110 *et seq.* and 302.309.3(6)(b). Her petition was submitted on the administrative record, the written submission of the Director and argument by the parties. The circuit court denied her Petition for Review but, thereafter, granted licensee's application for limited driving privileges on November 19, 1998.

In the sole point on appeal, Director argues that the circuit court erred in granting licensee limited driving privileges

---

**1.** All statutory references are to RSMo Cum. Supp.1997 unless otherwise indicated.

under Section 302.309.3(6)(b) because it lacked jurisdiction where: (1) licensee was convicted of a felony involving the use of a motor vehicle which made her ineligible for a limited driving privilege under Section 302.309.3(5)(b); (2) licensee's driving privilege was never revoked and she had not served two years of revocation or disqualification following the manslaughter conviction; and, (3) licensee failed to present evidence to support a finding that she had not been convicted of a drug or alcohol related offense during the preceding two years and that she was no longer a threat to public safety. We review, in accord with *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), an appeal from a circuit court judgment on a petition for review pursuant to Section 302.311 RSMo 1994. *Silman v. Director of Revenue*, 880 S.W.2d 574, 576 (Mo.App. S.D.1994). We view the evidence in the light most favorable to the judgment entered by the circuit court. *Mills v. Director of Revenue*, 964 S.W.2d 873, 874 (Mo.App. E.D.1998).

The issue is whether licensee is eligible for limited driving privileges pursuant to Section 302.309.3(6)(b). The Director is precluded from issuing a driver's license to a person who has been convicted of involuntary manslaughter while operating a motor vehicle in an intoxicated condition for five years from the date of such conviction. Section 302.060(10). However, such a person may apply for limited driving privileges pursuant to Section 302.309. The pertinent subdivision states:

*Except as provided in subdivision (6) of this subsection,* no person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

(b) A conviction of any felony in the commission of which a motor vehicle was used;

(c) Ineligibility for a license because of the provisions of subdivision (1), (2), (4), (5), (6), (7), (8), (9), (10) or (11) of section 302.060[.]

Section 302.309.3(5)(b)-(c) (Emphasis added). When consulting subdivision (6), we find (6)(b) applicable:

A circuit court or director may, *in the manner prescribed in this subsection,* allow a person who has had such person's license to operate a motor vehicle revoked where that person cannot obtain a new license for a period of five years, as prescribed in subdivision (10) of section 302.060, to apply for limited driving privileges pursuant to this subsection if such person has served at least two years of such disqualification or revocation. Such person shall present evidence satisfactory to the court or the director that such person has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding two years and that the person's habits and conduct show that the person no longer poses a threat to the public safety of this state.

We address Director's last argument because we find it dispositive. The Director argues that the licensee "presented no evidence that she had not been convicted of an alcohol- or drugrelated offense during the preceding two years and the she was no longer a threat to the public safety." Section 302.309.3(6)(b) provides in relevant part:

Such person shall present evidence satisfactory to the court or the director that such person has not been convicted *of any offense related to alcohol, controlled substances or drugs* during the preceding two years and that the person's habits and conduct show that the person no longer poses a threat to the public safety of this state.

Section 302.309.3(6)(b) (Emphasis added). Licensee responds that the case was submitted to the circuit court on the pleadings, the administrative record, the written submission of the Director and arguments by the parties. In fact, the Directors' Objection To Issuance Of Hardship Driving Privilege/Motion To Dismiss included "Exhibit A," which was an Affidavit by the

custodian of records for the Missouri Department of Revenue, DWI Division. The custodian certified copies of the administrative record of the Director's decision in licensee's case, including copies of her driving record. Licensee argues that her driving record "established that [she] had not been convicted of any alcohol or drug-related *driving* offenses during the two years preceding her application for limited driving privileges." (Emphasis added). It is undisputed that no additional evidence was produced by either party.

The language of subdivision (6)(b) imposes a burden on the licensee to present evidence to support a finding that: (1) she has not been convicted of any drug or alcohol related offense in the preceding two years; and, (2) her habits and conduct show that she no longer poses a threat to the public safety of this state. The entire evidence before the circuit court consisted of the pleadings, licensee's driving record, the director's notice letter of a five-year disqualification and her 1995 record of convictions. Licensee's driving record indicated no alcohol or drug related driving convictions subsequent to the 1993 accident. However, there was no evidence to support a finding that she had no non-driving convictions related to alcohol or drugs. The statutory language is not restricted to conviction of any drug or alcohol related *driving* offenses in the preceding two years. Subdivision (6)(b) requires evidence to support a finding that not only has she had no alcohol or drug related driving convictions in the preceding two years, but also that she has had no convictions "of any offense related to alcohol, controlled substances or drugs within the preceding two years[.]" Moreover, there must be evidence to support a finding that licensee's habits and conduct show that she is no longer a threat to the public safety of this state. The record before the circuit court contains no evidence to support finding the absence of all possible convictions and licensee's habits and conduct no longer pose a threat to public safety. Thus, the judgment of the circuit court is against the weight of the evidence and cannot stand.

Because of our decision in this regard, we find it unnecessary to address Director's other points. Judgment reversed.

MARY RHODES RUSSELL, C.J. and WILLIAM H. CRANDALL, Jr., J.: Concur.