Troy Edwin HOBBS, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. ED 78535.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 24, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel E. Anderson, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance by respondent.

MARY K. HOFF, Chief Judge.

The Director of Revenue of Missouri (Director) appeals from the trial court's judgment sustaining Troy Edwin Hobbs' (Driver) motion for directed verdict based on the exclusion of records of Driver's convictions from the State of New Hampshire, because the records were "not certified [nor] properly authenticated as business records themselves." We reverse and remand.

On May 11, 1999, Director issued a ten-year denial of Driver's driving privileges

with an eligibility of reinstatement on July 22, 2007, pursuant to Section 302.060(9) RSMo 2000,[1] Section 302.600, and 12 CSR 10–24.325 (2001), because Driver had more than two convictions for driving while intoxicated (DWI). Director's records reflected that Driver had two DWI charges in the State of New Hampshire, both on December 19, 1996, and another charge in the State of Missouri, on July 22, 1997. Driver timely appealed Director's decision to the trial court by filing a petition for judicial review pursuant to Section 302.311.[2]

At the trial court hearing Director presented its evidence as Director's Exhibit A and rested. Director's Exhibit A included a certified affidavit of the custodian of records for the Missouri Director of Revenue (DOR), copy of the DOR records, certified by the DOR's custodian of records pursuant to Section 302.312. The DOR records included a copy of Driver's "Missouri Driver Record," a copy of a Missouri uniform traffic ticket for the July 22, 1997 DWI, an illegible copy of a document assessing the fine and sentence for that Missouri violation, and a copy of Driver's "State of New Hampshire, Department of Safety, Division of Motor Vehicles, Driver Record Report" (New Hampshire Record). The DOR indicated Driver had three prior DWI convictions: from October 5, 1996, in Perry County, Missouri; and two from December 19, 1996 in New Hampshire. Driver moved for directed verdict, claiming the pages of the New Hampshire Record were hearsay, not properly authenticated, and did not qualify under the business records exception. The trial court received into evidence portions of the DOR record, however it did not admit the New Hampshire Record, listing the two DWI convictions in December of 1996, because they were "not certified [nor] properly authenticated as business records themselves." The court stated that "just because something is contained within the files of the Director of Revenue that that [sic] does not make it automatically admissible in court."

Based upon his finding that the admissible DOR records indicated only one conviction, and no other convictions were shown in the Missouri Record to warrant Driver's license revocation, the trial court concluded that Director "failed to sustain his burden of proof in this matter." The trial court entered judgment sustaining Driver's motion for directed verdict, and ordered Driver's driving license reinstated. Director appeals from this judgment.

■■■ Upon review, we will affirm the decision of the trial court to reinstate Driver's driving privileges unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Mills v. Director of Revenue*, 964 S.W.2d 873, 874 (Mo.App. E.D.1998). The Director has the burden of establishing a prima facie case for suspension of a driver's license. *Wilcutt v. Director of Revenue*, 18 S.W.3d 548, 550 (Mo.App. E.D.2000) (citing *Hurley v. Director of Revenue*, 982 S.W.2d 694, 696 (Mo.App. E.D.1998)).

In his sole point Director states:

The trial court erred in excluding from evidence records of [Driver's] convictions from the State of New Hampshire on the basis of hearsay because copies of records properly certified by the appropriate custodian of records of the DOR are admissible in evidence under [Sec-

---

**1.** All further statutory references are to the RSMo 2000, unless otherwise indicated.

**2.** No brief was filed on behalf of Driver.

tion] 302.312 RSMo in that the records offered by the Director were [Driver's] driving records maintained by the DOR, and attached to those records, kept in the ordinary course of business of the DOR, lawfully deposited or filed in the offices of the DOR and specifically certified pursuant to [Section] 302.312.

Director maintains Exhibit A was admissible, pursuant to Section 302.312, "as records properly certified by the appropriate custodian or the Director because they were certified by the custodian of records of the DOR by way of an affidavit attached to the records." Director places emphasis on the second clause of Section 302.312.1, which provides: "copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings." Director further notes the Legislature's definition of "record," found in Section 302.010(17), includes, but is not limited to, "papers [and] documents ... deposited or filed with the department of revenue[ .]" Relying on this Court's interpretation of Section 302.312 in both *Mills* and *Hackmann v. Director of Revenue*, 991 S.W.2d 751 (Mo.App. E.D.1999), as well as the Legislature's definition of "record," Director concludes there is a "strong legislative intent to make admissible all documents deposited or filed with the DOR admissible in court without limitation."

Section 302.312, RSMo 1998, provides as follows:

1. Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of

this state and in all administrative proceedings.

■ We interpreted this statute in *Mills*, and reaffirmed that interpretation in *Hackmann* as follows: "[c]opies of documents from the department of revenue are admissible as evidence so long as the copies are properly certified ... by the appropriate custodian or the Director." *Mills*, 964 S.W.2d at 875; *Hackmann*, 991 S.W.2d at 753. In *Mills*, we reversed and remanded the trial court's decision to exclude the documents contained in the Director's Exhibit B because the Exhibit consisted of "copies of documents with an attached letter of certification," and was therefore admissible into evidence. *Id.* at 875–76 (footnote omitted). In *Hackmann*, we again reversed and remanded the trial court's decision to exclude the records contained in the Director's Exhibit D, because the records were "certified by the custodian of records for the Department of Revenue, and therefore admissible." *Hackmann*, 991 S.W.2d at 753.

■ In the present case, Director offered Exhibit A into evidence, a certified copy of DOR records containing Driver's New Hampshire Record. The certification, similar to the certification approved in *Hackmann*, specifically stated, "[i]t is further certified pursuant to [Section] 302.312, RSMo, that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue by the reporting agency or entity pursuant to the provisions of Chapters 302, 303 and/or 577, RSMo." *See Hackmann*, 991 S.W.2d at 753. Therefore, Director's Exhibit A was admissible into evidence, and the trial court erroneously applied the law in excluding pages of this Exhibit.

Moreover, the record indicates the trial court entered its judgment before Driver had the opportunity to present evidence.

Under the circumstances we remand to allow Director's Exhibit A to be admitted and for the parties to have an opportunity to present evidence. We note that our ruling pertains only to the admissibility of Director's Exhibit A.

Judgment reversed and remanded for further proceedings consistent with this opinion.

ROBERT G. DOWD, JR., and SHERRI B. SULLIVAN, Judge, concur.