Troy HOBBS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 81580.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 30, 2003.

Cheryl A. Caponegro Nield, Jefferson City, MO, for Appellant.

Richard K. Kuntze, Cape Girardeau, MO, for Respondent.

### *OPINION*

GLENN A. NORTON, Judge.

The Director of Revenue appeals the judgment reinstating Troy Hobbs's driving privileges and assessing costs against the Director. We affirm in part, and reverse in part.

## I. BACKGROUND

Hobbs applied for and was denied driving privileges for ten years on the grounds that he had three convictions for driving while intoxicated under section 302.060(9) RSMo 2000.[1] In his petition for a trial *de novo*, Hobbs alleged that he had only two DWI convictions, one in Missouri and one in New Hampshire, and therefore his license should be denied for only five years instead of ten under section 302.060(10).

At trial,[2] Hobbs's Missouri and New Hampshire driving records, which contained the Missouri conviction and "defaults" on two DWI charges in New Hampshire, were admitted into evidence. Hobbs conceded that he pled guilty to a DWI in Missouri. He also testified that while driving in New Hampshire on vacation he was stopped once and was arrested for and charged with one DWI. He decided not to return to New Hampshire or to answer the charge. He believed there was an open case in New Hampshire, but that he had no convictions there.

The trial court entered a judgment setting aside the disqualification and assessed costs against the Director.

---

1. All statutory references are to RSMo 2000.

2. This was a re-trial after remand from this Court in *Hobbs v. Director of Revenue,* 51 S.W.3d 874, 876 (Mo.App. E.D.2001), in which we held that Hobbs's driving records were admissible.

## II. DISCUSSION

■ This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or the court erroneously declared or applied the law. *Hinnah v. Director Of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002).

### A. Denial of Driving Privileges

■ At the trial *de novo* from the denial of driving privileges, the driver has the initial burden of producing evidence that he is qualified for a driver's license. *Kinzenbaw v. Director of Revenue,* 62 S.W.3d 49, 50 (Mo. banc 2001). Hobbs's driving record, admitted into evidence by the Director, demonstrates that Hobbs had been duly licensed in Missouri, which discharges his burden. *See id.* at 54. Thus, the burden of production shifted to the Director to present evidence that Hobbs is not entitled to a license. *See id.* at 50, 54–55.

■ Here, the Director must make a prima facie showing of the facts needed to support denial under section 302.060(9), namely more than two convictions for driving while intoxicated. *See id.; see also Stellwagon v. Director of Revenue,* 91 S.W.3d 113, 115 (Mo. banc 2002). To make a prima facie showing, the Director must produce enough evidence to allow the court to infer that there have been more than two convictions and rule in the Director's favor in the absence of other evidence contradicting that fact. *See* BLACK'S LAW DICTIONARY, 579, 1209 (7th ed.1999).[3]

We disagree that the Director made a prima facie case.

■ The Missouri conviction is uncontested; thus, the only issue is whether there are two New Hampshire convictions. The Director produced the New Hampshire record showing two entries for DWI, both from the same date, but with different docket numbers. The "disposition" of each case is "default," and the record indicates that Hobbs's license and operating privileges were suspended.

■ The Director first contends that Hobbs judicially admitted in his petition at least one New Hampshire conviction, which should also prove the second conviction. It is true that allegations in a petition, admitted in an answer, are judicial admissions and obviate any need for any evidence on that issue. *Piel v. Piel,* 918 S.W.2d 373, 375 (Mo.App. E.D.1996). But Hobbs's allegation that he was convicted of a DWI in New Hampshire does not amount to a judicial admission because his later testimony clearly denied that it was a conviction. *See id.* Moreover, the Director did not argue at trial that there had been a judicial admission or otherwise object to the introduction of evidence on the issue of whether there was a conviction in New Hampshire, and, thus, the Director cannot raise the admission now. *See id.* at 375–76. Finally, the Director did not rely on the admission in Hobbs's pleading that there was a conviction, but instead introduced the driving records to prove the convictions. Therefore, Hobbs is not bound by his pleading. *See id.* at 76; *see also Jenni v. Gamel,* 602 S.W.2d 696, 699

---

**3.** "Prima facie" as an adjective is defined as "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted <a prima facie showing>." BLACK'S LAW DICTIONARY at 1209. A "prima facie case" is defined as "[t]he establishment of a legally required rebuttable presumption" or "[a] party's pro-duction of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Id.* "Prima facie evidence" is "[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced." *Id.* at 579.

(Mo.App. E.D.1980) (admission in pleading not binding on party when adversary introduces contrary evidence at trial).

The Director argues that, even without an admission by Hobbs, the evidence showed that Hobbs forfeited any bail or collateral he had posted to secure his appearance in court, which constitutes a conviction for purposes of denying a license in Missouri. Section 302.010(3). The record showing two "defaults" in New Hampshire, without more, is not enough evidence for the court to infer that there were two "convictions" in New Hampshire. It cannot reasonably be inferred from the face of the record that Hobbs was required to post bail or other collateral, much less that the default is a result of Hobbs's forfeiture of that bail or collateral. Nor does the fact that Hobbs never returned to New Hampshire to answer the DWI charge demonstrate that he posted bail or collateral or that the default evidences forfeiture thereof. The Director failed to produce evidence sufficient to show any convictions in New Hampshire. Thus, with proof of only one conviction, the trial court was correct to order the disqualification set aside.

Point I is denied.

## B. Costs

In the second point, the Director argues that costs may not be recovered against the state in these proceedings. We agree. The court has no authority to tax costs against the state in drivers license proceedings. *See* sections 536.085(1) and 536.087.1 (authorizing costs against state in agency proceeding, but expressly excluding drivers license proceedings); *Atkins v. Director of Revenue*, 6 S.W.3d 428, 428–29 (Mo.App. E.D.1999); *Reed v. Director of Revenue*, 834 S.W.2d 834, 837 (Mo.App. E.D.1992).

Point II is granted.

## III. CONCLUSION

The judgment assessing costs against the Director is reversed. In all other respects, the judgment is affirmed.

GEORGE W. DRAPER III, P.J. and BOOKER T. SHAW, J. concurring.