Roger Marion ZIEGLER, Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. ED 84299.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 16, 2004.

Walter S. Drusch, Jr., Cape Girardeau, MO, for appellant.

Kristi R. Flint, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Roger Marion Ziegler ("Driver") appeals from the judgment of the Circuit Court of Cape Girardeau County affirming the denial of his driving privileges for ten years. We affirm.

### Background

Director of Revenue ("Director") issued a notice to Driver denying his driving privileges for ten years for having more than two driving while intoxicated convictions. The Director based the denial on Section 302.060, R.S.Mo 2000,[1] which provides, in pertinent part, that driving privileges are denied for ten years "[t]o any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated." Section 302.060.9, R.S.Mo.

Driver filed a petition for review in the Circuit Court of Cape Girardeau County, challenging the Director's decision under Section 302.311, R.S.Mo, and Chapter 536, R.S.Mo. Counsel for the Director filed an answer and a certified copy of the Director's administrative records. These records included Driver's Missouri Driver Record and court records relating to Driver's driving while intoxicated convictions, dated June 17, 2003, April 21, 1997, February 17, 1993, and June 26, 1984.

At the hearing on Driver's petition for review, the Director submitted the case solely on the above certified records. Driver did not present any evidence and objected to the Director's records, requesting additional time to brief his concerns. The trial court allowed Driver's request for additional time, but Driver failed to file any objections.

On February 13, 2004, the circuit court entered judgment affirming the denial of Driver's driving privileges for ten years. This appeal followed.

### Standard of Review

■ This court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or the court erroneously declared the law. *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). We accept as true all evidence and inferences in favor of the prevailing party and disregard contrary evidence. *Kimber v. Dir. of Revenue*, 817 S.W.2d 627, 630 (Mo.App. W.D.1991).

### Discussion

■ In his sole point on appeal, Driver contends that the trial court erred in affirming the ten-year denial of his driving privileges because the Director failed to

1. All further statutory references are to R.S.Mo 2000 unless otherwise noted.

show the facts needed to support the denial under Section 302.060.9, R.S.Mo. More specifically, Driver claims that the records the Director relied on were never admitted into evidence and, even if considered, failed to show that Driver had more than two convictions for driving while intoxicated, pursuant to Section 302.060.9. The Director responds that she offered Driver's Missouri Driver Record, including his DWI convictions, into evidence, but the court did not specifically rule on admissibility. Moreover, the Director asserts that even if the records were not received into evidence, the denial of Driver's driving privileges should be affirmed because Driver failed to make the initial showing that he was qualified for a driver's license. Because we find Driver's claims of error are without merit, we affirm the trial court's judgment.

■■■ We first dispose of Driver's assertion that the Director "failed to move for or have her records admitted into evidence....". The hearing transcript reveals that the Director offered the records into evidence. At the hearing, the trial court asked counsel for the Director: "Are you offering [the records] at this time?" And, counsel answered: "Yes, I am." Driver then made certain objections and asked that he be allowed additional time to file a brief. Driver, however, did not file written objections, and the trial court did not make a final ruling on admissibility. Apparently, Driver argues that the lack of a specific ruling on the admissibility of the records precludes them from being admitted. However, it is the objecting party's responsibility to insure that a trial judge has heard and ruled on an objection. *Estate of Bonner*, 954 S.W.2d 356, 363 (Mo. App. W.D.1997). If this is not done, nothing is preserved for review. *Id.* at 363. Likewise, should the objecting party fail to insist on a ruling, the objection is deemed overruled and the evidence is in the record

for consideration. *Id.* (*citing Sykes v. Bi-State Development Agency,* 716 S.W.2d 856, 858 (Mo.App. E.D.1986)).

■■■ Here, because the trial court entered its judgment without specifically ruling on Driver's objections to the Director's records, and Driver has not shown that he insisted on such a ruling, Driver's objections are deemed overruled and the records admitted. *See Pugh,* 954 S.W.2d at 363. Any objection Driver may have had to the admission of such evidence is not preserved for appeal. *Id.*

This case is readily distinguishable from *Wampler v. Dir. of Revenue,* 48 S.W.3d 32, 35 (Mo. banc 2001), relied on by Driver. There, the Director attempted to make the case based on records that were filed with the Director's answer, but were never offered into evidence. In this case, by contrast, the Director both filed the records she was relying on and offered them at the hearing.

■■■ We next address Driver's contention that the records, even if considered, fail to support the denial of his driving privileges, and the Director's response that Driver failed to meet his initial burden of showing he was qualified for a driver's license. We begin by noting that in *Hobbs v. Dir. of Revenue,* 109 S.W.3d 220, 222 (Mo.App. E.D.2003), we found that the driver's driving record, admitted into evidence by the Director, demonstrated that the driver had been duly licensed in Missouri and discharged the driver's burden. Thus, as in *Hobbs,* the admission of Driver's driving record discharged Driver's burden, and the Director was required to make a *prima facie* showing that Driver was not entitled to a license under Section 302.060.9. *See Id.* at 222. We disagree with Driver that the Director failed to meet this burden.

■■■ As set forth above, Section 302.060.9, R.S.Mo, provides that driving

privileges are properly denied for ten years "[t]o any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated." Here, Driver's Missouri Driver Record shows that he has four DWI convictions. At the hearing, the Director indicated that she was relying on the 2003, 1997, and 1993 convictions in support of the denial.[2] Driver does not contest that his June 17, 2003, and April 21, 1997, convictions were for driving while intoxicated in violation of state law. He asserts, however, that the Director failed to prove that his February 17, 1993, DWI conviction was under state law.

Driver argues that, according to his Missouri Driver Record, the February 1993 conviction was for violating municipal law because it lists the 1993 conviction as occurring in "Cape Gir.," rather than in "Circuit Associate Division III–Jackson," where his 2003 and 1997 convictions occurred. While a municipal conviction can support the denial of a license under Section 302.060.9, R.S.Mo, Driver asserts that the Director failed to meet the statutory requirements for using a municipal conviction and, thus, such a conviction would not support the denial of his license in this case.

Even if Driver's Missouri Driver Record does not clearly show whether his conviction was under state or municipal law, a review of the Driver's court records, which were also before the trial judge, resolves the question. While the February 17, 1993, conviction is only partly legible, it is clear on its face that a violation of Section 577.010, R.S.Mo,[3] and not a municipal ordinance, was the basis of the conviction. *See* Stellwagon v. Dir. of Revenue, 91 S.W.3d 113, 116 (Mo. banc 2002) (affirming denial of license based on administrative record that was illegible in part where pertinent information could be deciphered). Driver presented no evidence at the hearing to dispute the validity of his court records. The trial court did not err in affirming the denial of Driver's license.

Point Denied.

### Conclusion

For the above reasons, the trial court's judgment is affirmed.

GEORGE W. DRAPER III, C.J., and CLIFFORD H. AHRENS, J., concur.

---

2. At the hearing, the Director indicated that the 1984 conviction was a municipal conviction and was not used in the imposition of the ten-year denial of Driver's driving privileges.

3. Section 577.010.1, R.S.Mo. provides that: "A person commits the crime of '**driving while intoxicated**' if he operates a motor vehicle while in an intoxicated or drugged condition."