PROFIT SHARING PLAN FOR EM-
PLOYEES OF REPUBLIC FINAN-
CIAL SERVICES, INC., and Certain
Affiliates, Plaintiff,

v.

MBANK DALLAS, N.A., as Independent
Executor of the Estate of David D.
Steere, Deceased, Mrs. Cherrie P.
Steere, Kenneth Yates Steere, Anne
Middleton Steere, Catherine Steere
Hudstedt, Shirley Steere Hudson, Eliza-
beth Watson Bailey, and Nancy Wat-
son, Defendants,

v.

PROFIT SHARING PLAN COMMITTEE
FOR EMPLOYERS OF REPUBLIC FI-
NANCIAL SERVICES, INC. and Cer-
tain Affiliates, et al., Third–Party De-
fendants.

Civ. A. No. 3–87–1588–T.

United States District Court,
N.D. Texas,
Dallas Division.

March 31, 1988.

George C. Chapman, Thompson & Knight, Dallas, Tex., for plaintiff.

Robert Jordan, Baker & Botts, Dallas, Tex., Michael L. Parham, Greg Sivinski, Winstead McGuire Sechrest & Minick, Dallas, Tex., Ophelia Camina, Akin, Gump, Strauss, Hauer & Feld, Elizabeth W. Bailey, Dallas, Tex., for defendants.

Strasburger & Price, Dallas, Tex., deposition notice to Robert H. Thomas and Debbie Morgan.

John H. McElhaney by Timothy W. Mountz, Karen F. Grey, Locke Purnell Rain Harrell, Dallas, Tex., for movants Locke Purnell Rain Harrell and Stuart Bumpas.

## ORDER PARTIALLY GRANTING MOTION FOR SUMMARY JUDGMENT

MALONEY, District Judge.

On August 12, 1987, Defendant Cherrie P. Steere (Defendant Steere) filed her Motion for Summary Judgment and memorandum of law in support. On September 1, 1987, Defendant MBank Dallas, N.A. (Defendant MBank) filed its response. On September 18, 1987, Defendant Steere filed her reply.

### Undisputed Facts

Defendant Steere's late husband, David D. Steere, was an employee of Republic Financial Services, Inc. and was a participant in The Profit Sharing Plan for Employees of Republic Financial Services, Inc. ("the plan"). After his death, Plaintiff paid the decedent's accrued benefits under the plan to Defendant MBank, in its capacity as independent executor of the decedent's estate. Plaintiff so paid the benefits from the plan because the decedent had designated his estate as beneficiary of those particular funds. Immediately thereafter, Defendant Steere notified both Plaintiff and Defendant MBank that she believed she was entitled to those benefits because she had never consented to the designation of the decedent's estate as the beneficiary of the benefits. Defendant Steere, in fact, never executed a written, notarized form of consent to the designation of the decedent's estate as the beneficiary of the plan benefits.

Plaintiff brought this suit seeking a declaratory judgment as to who is entitled to the benefits paid under the plan, and named Defendant Steere, Defendant MBank as independent executor of the estate, and the legatees under the decedent's will as defendants. Defendant Steere then filed a counterclaim and crossclaim, seeking a declaratory judgment that she is entitled to the benefits in question. Her motion for summary judgment seeks judgment on her counterclaim and crossclaim.

### Defendant Steere's Position

Defendant Steere asserts that the profit sharing plan, section 205 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Internal Revenue Code of 1986, all state that absent her written, notarized consent to the designation of a beneficiary other than her, she is entitled to receive the benefits which accrued to her late husband under the plan.

### Defendant MBank's Position

Defendant MBank asserts that section 205(a)[1] requires a plan governed by that section to provide a surviving spouse of a participant in the plan with a qualified preretirement survivor annuity ("QPSA"). The plan, however, can avoid paying the QPSA if it provides for payment to a designated beneficiary and requires the written, notarized consent of the spouse as required by section 205(c)(2). Defendant MBank claims that the plan did not provide for the type of consent required by section 205(c)(2), and therefore the plan does not qualify for the exception to the requirement that a plan covered by section 205

---

[1] All references are to sections of ERISA unless otherwise noted; the Court will not address the argument under the Internal Revenue Code as the relevant section is identical to the ERISA section discussed.

must pay a QPSA to the surviving spouse. Defendant MBank contends that because the plan does not qualify for the exception, it must pay a QPSA to the surviving spouse, which would be equal to one-half of the benefits which had accrued to the decedent under the plan. The designation of the estate as beneficiary of the plan proceeds is not ineffective simply because the decedent did not obtain the written, notarized consent of his spouse. Therefore, the remaining one-half of the benefits should be paid to the estate as the designated beneficiary.

### Discussion

The primary issue before the Court is whether or not section 205(b)(1) requires that the terms of the plan itself require written, notarized consent of the surviving spouse, acknowledging the effect of the waiver of the QPSA and the designation of another person as beneficiary, as required by section 205(c)(2). If it does, and the plan in question does not provide for such consent, then the plan does not qualify for the exception to the general requirement that the plan must provide a QPSA for a surviving spouse. If, on the other hand, ERISA does not require the plan to require explicitly by its terms the written, notarized consent of the spouse in accordance with section 205(c)(2) for the designation of a beneficiary other than the surviving spouse, then the plan in question does fit into the exception provided in section 205(b)(1), and does not have to pay the QPSA required in section 205(a).

In short, the two primary questions this Court must answer are:

1. Does section 205(b)(1) require the plan by its own terms to require written spousal consent as set forth in section 205(c)(2)?

2. If so, does the plan in question comply with that requirement?

A search of existing case law has not revealed any case which focuses on this specific subsection and which answers these same questions. Therefore, this Court must interpret the requirements of section 205(b)(1) without the benefit of precedent.

When interpreting a statute, the normal rules of statutory construction should be applied to determine what is meant by the statutory section in question. Under those rules, the plain, unambiguous meaning to be derived from the words of a statute is to be accorded them, if to do so is consistent with the purpose of the law. *Caruth v. United States,* 566 F.2d 901, 905 (5th Cir.1978). This Court is of the opinion that section 205(b)(1) is unambiguous and requires that a plan which seeks to avoid paying a QPSA to a surviving spouse must explicitly require by its terms that the surviving spouse consent in writing in the manner provided in section 205(c)(2) to a designation of another person as beneficiary of the plan benefits. The purpose of section 205(a) is to ensure that the surviving spouse of a participant in a benefit plan will receive benefits upon the death of the participating spouse. This Court's interpretation of section 205(b)(1) is consistent with that purpose.

The next question for the Court is whether or not the plan in question explicitly required by its terms that the surviving spouse consent in writing in the manner provided in section 205(c)(2) when the participating spouse desired to name another person as beneficiary.

The plan stated that, "Notwithstanding any provision to the contrary herein contained, the designation, by a married Participant, of a Beneficiary other than his spouse shall require the consent of such spouse." Section 6.05, Profit Sharing Plan. Clearly that section does not require the written, notarized consent as required in section 205(c)(2). Defendant Steere argues that 1) the plan contains a statement of purpose that it intends to comply with ERISA; and 2) that the Summary Plan Description of the plan explicitly states that the designation of a beneficiary other than the surviving spouse shall require the written, notarized consent of that spouse.

Neither of these facts, however, fulfills the requirement that the plan, by its own terms, must require the written, notarized consent of the spouse as required in section

205(c)(2). Therefore, this Court is of the opinion that the Profit Sharing Plan for the Employees of Republic Financial Services, Inc. does not qualify for the exception provided in section 205(b) and therefore it is bound by the general requirement in section 205(a) that all plans governed by section 205 must pay a QPSA to the surviving spouse of a participating employee.

The next question is what effect this determination has on the payment of the plan benefits. Again, a search of case law does not produce any cases which have discussed the effect of a plan not qualifying for the exception to the general rule that a plan must provide a QPSA to the surviving spouse of a plan participant.

Defendant MBank and the other defendants contend that because the plan fails to qualify for the exception to the general rule, the plan must pay the QPSA as required by section 205(a). They further contend that section 205(a) defines the QPSA as being equal in value to one-half of the benefits accrued to the participant under the plan. The remaining one-half of the benefits would then go to the estate as the designated beneficiary.

Defendant Steere contends that the designation of the decedent's estate as beneficiary is ineffective without her consent. Defendant MBank and the legatees under the will argue that the lack of consent does not render the designation ineffective. Defendant MBank relies on *Art Builders Profit Sharing Plan v. Bosely*, 649 F.Supp. 848 (D.Md.1986), which addressed the contention by a surviving spouse that the decedent's designation of his children as beneficiaries of plan benefits required the consent of the surviving spouse in order to be effective. That court held that,

Nothing in the Act requires spousal consent to the designation of a beneficiary. All that the Act provides is that unless the spouse files a written consent not to take the pre-retirement survivor annuity, such an annuity shall be paid. There is no indication in the language of the Act or in its legislative history to demonstrate that Congress intended the absence of spousal consent to render in-effective the designation of beneficiaries other than spouses, ...

*Art Builders*, at 851.

■ The terms of the plan itself require that, for a designation of a beneficiary to be effective, a participant must 1) make the designation on the form prescribed by the Committee (of the plan) and 2) file the designation with the Committee during the lifetime of the participant. Neither party contends that the decedent did not comply with this procedure. Therefore, under the terms of the plan, the designation of the beneficiary was effective. This Court finds that the designation of the decedent's estate as beneficiary of the plan benefits was not rendered ineffective by the lack of written, notarized spousal consent. Rather, the designation remains effective to the extent that the benefits are not paid to the surviving spouse.

■ Finally, this Court must determine to what Defendant Steere is entitled. This requires determining the effect of not qualifying for an exception to the general rule that a benefit plan must provide a QPSA to the surviving spouse. The Court concludes that in the event a plan does not qualify for the exception formulated in section 205(b)(1), the plan must pay the surviving spouse a QPSA as required by section 205(a). This decision is supported by the language in *Art Builders*, which says, *"The annuity is automatic* unless the participant elects to waive pre-retirement survivor annuity coverage and the participant's spouse consents in writing to the election," (emphasis added) and the language in *The Mantiowoc Engineering Co.'s Profit Sharing Plan v. Powalisz*, No. 85–C–534, E.D.Wis. (Feb. 12, 1986), [available on WESTLAW, 1986 WL 2605], which says, *"Under the Act, the survivor benefit is automatic* unless the participant elects to waive pre-retirement survivor annuity coverage and the participant's spouse consents in writing to such election." (Emphasis added.)

Having determined that Defendant Steere is entitled to a QPSA under section 205(a), the remaining determination for this Court is whether the definition of "quali-

fied pre-retirement survivor annuity" found in section 205(e)(1) or (e)(2) applies. The distinction appears to be whether the plan is a "defined benefit plan" as meant by subsection 205(b)(1)(A), or an individual account plan or participant described in subsections 205(b)(1)(B) or (C). Although all the parties to this action are in agreement that the plan in question is undoubtedly covered by ERISA section 205, the Court does not find that any party has anywhere alleged which of the three types of plan it is. Defendant MBank contends that if the Court finds that Defendant Steere is entitled to a QPSA that it should be equal in value to one half the benefits accrued to the decedent under the Plan. This indicates that Defendant MBank believes the Plan to fall under section 205(e)(2).

This Court is of the opinion that Plaintiff is in the best position to tell this Court which of sections 205(b)(1)(A), (B), or (C) the Plan falls under. This Court therefore shall request that Plaintiff provide this Court with that information and further, if the Plan falls under subsection 205(b)(1)(A) and thus the definition of 205(e)(1) applies, Plaintiff shall also inform the Court of all the relevant facts which are necessary to calculate a QPSA under section 205(e)(1). The Court will await this information before determining the value of the QPSA to which Defendant Steere is entitled.

### Attorney's Fees

An award of attorney's fees for an action under this section is discretionary with the Court. The factors which should guide the Court in its discretion are set forth in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980). This Court finds that the facts of this case, as applied to the factors in *Bowen*, do not warrant the award of attorney's fees to Defendant Steere. The Court is therefore of the opinion that Defendant Steere's request for attorney's fees should be denied.

It is therefore ORDERED that Defendant Steere's Motion for Summary Judgment is granted to the extent set forth above.

It is further ORDERED that Plaintiff shall inform the Court, within ten days of the date of this order, which of sections 205(b)(1)(A), (B), or (C) defines the Profit Sharing Plan for the Employees of Republic Financial Services, Inc., of which the decedent was a participant, and if the plan falls under subsection 205(b)(1)(A), Plaintiff shall also inform the Court of all the relevant facts which are necessary to calculate a qualified pre-retirement survivor annuity under section 205(e)(1).

It is further ORDERED that Defendant Steere's request for attorney's fees is denied.