**Michael P. CONNELLY, Jr., Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. ED 92088.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 2009.

Thomas A. Connelly, St. Louis, MO, for Appellant.

James A. Chenault, III, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Michael P. Connelly, Jr. ("Driver") appeals from the judgment of the trial court suspending his driving privileges. Driver argues the trial court erred in admitting the Director of Revenue's ("the Director") Exhibits A and B. We affirm.

Driver was stopped by the police and was charged with a violation of an alcohol related ordinance after the officer observed him driving and Driver subsequently failed a field sobriety test. Driver's blood alcohol content was determined to be 0.202% by weight. The Department of Revenue suspended Driver's driving privileges.

Driver subsequently filed a petition for review in which he argued the following: (1) there was no evidence that Driver was operating the vehicle or was intoxicated; (2) Driver was not arrested under warrant or within one and one-half hours of the alleged "Driving While Intoxicated" offense; (3) the arresting officers were not properly qualified or certified as police officers under Missouri law; (4) the affidavit in support of the alleged results of the breathalyzer test was not made in accordance with the law; and (5) there was no probable cause to arrest Movant.

After a hearing on Driver's petition for review, the court sustained the order of the Director suspending/revoking Driver's driving privileges. This appeal follows.

■ Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) in driver's license suspension or revocation

cases. *Orton v. Director of Revenue*, 170 S.W.3d 516, 520 (Mo.App. W.D.2005). As a result, the judgment of the trial court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We defer to the trial court's determinations of credibility. *Id.*

Section 302.505 RSMo Cum.Supp.2006 [1] authorizes the suspension or revocation of a person's driver's license for driving while intoxicated. It provides in pertinent part: "The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight...." Section 302.505.1.

■ At trial, the burden of proof is on the Director to establish grounds for the suspension or revocation by a preponderance of the evidence. *Orton*, 170 S.W.3d at 520. Applying the statutory scheme, the Director must initially present evidence to establish that there was probable cause to arrest the driver for violating an alcohol related offense and that the driver's blood alcohol concentration was .08 percent or greater. *Id.* This evidence creates a presumption that the driver was intoxicated. *Id.*

In his sole point, Driver argues the trial court erred in admitting the Director's Exhibits A and B. We disagree.

Driver contends Exhibit A, the alcohol influence report and narrative of the breath test, did not contain the maintenance report, which was a condition prece-

---

1. All further statutory references are to RSMo Cum.Supp.2006 unless otherwise indicated.

dent to the admission of Exhibit A. Driver also contends Exhibit A was not notarized. Thus, Driver maintains Exhibit A lacked foundation and authentication. As for Exhibit B, the maintenance report, Driver contends it was not properly certified because it was not notarized. Driver argues further that it lacked foundation and authentication because it was a Department of Health record that the Director attempted to authenticate and claim as its own record.

Initially, we note there must be an objection to the blood alcohol analysis before it is necessary for the Director to prove the maintenance of the breath analyzer. *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 341 (Mo. banc 1992). It is incumbent upon the objecting party to make the basis of his or her objection reasonably apparent in order to provide the opponent an opportunity to correct the error and the court an opportunity to correctly rule on the objection. *Reed v. Director of Revenue*, 834 S.W.2d 834, 836–37 (Mo.App. E.D.1992). An objection that Director had failed to lay a proper foundation for admission of the test results absent proof of compliance with the maintenance check requirement would have left no misunderstanding or speculation about the deficiency of proof. *Id.* at 837. Absent a proper objection on this ground, Director's failure to prove compliance with the requirement does not destroy the sufficiency of its case. *Id.*

In this case, Driver objected to the admission of Exhibit A because "[i]t does not have the maintenance report attached to it. And, therefore, it lacks foundation and authentication on Exhibit A." After a discussion of Exhibit B, the court returned to the objection to Exhibit A. Driver reiterated his objection, stating "[i]t lacks foundation. It doesn't have the maintenance re-

port. It's not a complete record." This objection was overruled.

Therefore, by objecting to Exhibit A on these grounds, we conclude Driver adequately raised an issue as to whether maintenance of the breath analyzer was properly conducted. However, the Director established the breath analyzer had been properly maintained through the proper admission of Exhibit B.

Section 302.312.1 provides

Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and senior services and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

In *Coleman v. Director of Revenue*, 970 S.W.2d 394, 396 (Mo.App. S.D.1998), the Southern District dealt specifically with the issue of whether the maintenance report was a Department of Health record and therefore was not admissible as a Department of Revenue record despite Section 302.312. The court concluded "if copies of records that were 'lawfully filed or deposited' with the Department of Health or arresting officer are then furnished to Director for his or her use in deciding if revocation or suspension is warranted, such records (when properly certified by the appropriate custodian or Director) are admissible under Section 302.312." *Id.* at 397.

The Custodian of Records for the Department of Revenue properly certified Exhibit B, the maintenance report, on July 22, 2008. *See Hackmann v. Director of Revenue*, 991 S.W.2d 751, 753 (Mo.App. E.D.1999)(finding records were properly certified based on a certification that used

identical language to the certification at issue in this case.).

Driver also contends that the certification was not notarized so the certification was not valid. When the court discussed Exhibit B, Driver objected to it because:

[i]t lacks foundation and authentication because it is a Department of Health record that the Department of Revenue is attempting to authenticate by their certificate. It is not a record of the Department of Revenue because it was not attached to A. Therefore, it is not a part of their records. It is a part of the Department of Health's records, and the Department of Health did not certify that record. Accordingly, it lacks authentication and foundation as hearsay.

The court overruled this objection. While this transcript shows that Driver did not use the word notarization when making his objection, Driver did object that it lacked "authentication" and was not certified. The Director argues Driver's objection was not specific enough to raise the issue of whether the records needed to be notarized, which is Driver's argument here. The rationale for notarization is to avoid the risk that the signature will not be authentic. *Herrero v. Cummins Mid-America, Inc.*, 930 S.W.2d 18, 22 (Mo.App. W.D.1996). Thus, the notary's duty is to acknowledge the authenticity of the signature. *Id.* As a result, we find an objection to a document's authenticity is sufficient to raise the issue of whether the document needed to be notarized.

■■ However, Driver does not cite to any authority holding that proper certification necessarily requires notarization. In *Mills v. Director of Revenue State of Missouri*, 964 S.W.2d 873, 875 (Mo.App.

E.D.1998), the court found *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc 1993), which is relied upon by Driver, is no longer the controlling case interpreting Section 302.312. The court noted the language of Section 302.312 is clear and unambiguous and that copies of documents from the department of revenue or department of health are admissible as evidence as long as the copies are properly certified. *See Id.* The court then found the trial court had improperly excluded an exhibit because it included an attached letter of certification. *Id.* at 875–76. The court also noted in a footnote that "[t]he certified cover letter was from the State of Missouri Department of Revenue, it was signed by the custodian of records and notarized." *Id.* at 876 fn. 3. Driver argues this footnote is indicative of a requirement that the records must be notarized to be properly certified and authenticated. However, we find it mandates no such requirement. Proper language in the letter of certification and the signature of the custodian of records are the only requirements to "properly certify" a document. The legislature could have included an additional requirement that records be notarized had it intended to make that a requirement. We presume that the legislature intends that every word, clause, sentence, and provision of a statute have effect. *State ex rel. Vincent v. D.C., Inc.*, 265 S.W.3d 303, 308 (Mo.App. E.D.2008). Further, where a statute has clear and unambiguous language, there is no room for construction. *Mills*, 964 S.W.2d at 875. Because the legislature used clear and unambiguous language and did not state the records had to be notarized, we will not read such a requirement into the statute [2].

2. Compare Section 577.041.2, which provides, in pertinent part "[t]he officer shall make a sworn report to the director of revenue ..." with Section 577.041.2 Cum.Supp. 2008, which provides, in relevant part "[t]he officer shall make a certified report under

Further, subsequent cases that have construed Section 302.312 have not mentioned notarization as a requirement for proper certification. In *Hobbs v. Director of Revenue*, 51 S.W.3d 874, 876 (Mo.App. E.D.2001), the court found the following language was sufficient to properly certify the driver's New Hampshire driving record: "[i]t is further certified pursuant to [Section 302.312], that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue by the reporting agency or entity pursuant to the provisions of Chapters 302, 303 and/or 577." There was no discussion of whether these records needed to be notarized. Similarly, here, the certification stated "[i]t is further certified pursuant to [Section 302.312] that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue by the reporting agency or entity pursuant to the provisions of Chapters 301, 302, 303 and/or 577."

Also, as noted above in *Hackmann*, the court found the records were properly certified based on a certification that used identical language to the certification at issue in this case. *Hackmann*, 991 S.W.2d at 753. In addition, the court did not mention whether the certification was or needed to be notarized, which indicates notarization is not required under Section 302.312. Thus, we find these Exhibit B was properly admitted, even though it was not notarized.

Exhibit B, which contained the maintenance report, was properly admitted. Thus, Driver's remaining objection to Exhibit A is that it lacks authentication. However, like Exhibit B, Exhibit A was accompanied by a certification from the

Custodian of Records for the Department of Revenue. Therefore, Exhibit A was also admissible under Section 302.312.

The trial court did not err in admitting the Director's Exhibits A and B. Point denied.

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, J. and SHERRI B. SULLIVAN, J., concur.

penalties of perjury ..." *See also Cessor v. Director of Revenue*, 71 S.W.3d 217, 223 (Mo. App. W.D.2002), where a requirement of a sworn report indicated a requirement of notarization. In contrast, we can find no case that equates certification with notarization.