**Jason Lee SOSTMAN, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 95557.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 13, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 23, 2012.

Application for Transfer Denied May 1, 2012.

Chris Koster, Atty. Gen., Samuel E. Buffaloe, Jefferson City, MO, for appellant.

Steven P. Kuenzel, Steven P. Kuenzel, Jr., Washington, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

The Director of Revenue for the State of Missouri (Director) appeals the judgment of the Circuit Court of Franklin County setting aside the Director's order suspending the driving privileges and disqualifying the commercial driving privileges of Jason Lee Sostman (Sostman). We reverse and remand for the trial court to reinstate the Director's administrative suspension and disqualification.

*Background*

Following a February 2010 arrest on suspicion of driving while intoxicated (DWI), the Director suspended Sostman's driving privileges and disqualified his commercial driving privileges for one year. Sostman petitioned the circuit court of Franklin County for a de novo trial on his suspension. At the August 2010 trial, Deputy Ryan Jackson of the Franklin County Sheriff's Department testified to the following.

Deputy Jackson stopped Sostman at a checkpoint at 11:15 p.m. As he approached the vehicle, he noticed a faint odor of alcohol and that Sostman's eyes were glassy. As Sostman exited his vehicle, Deputy Jackson noticed him swaying from side to side. Deputy Jackson performed the following field sobriety tests: gaze

nystagmus, walk and turn, and one-leg standing. Sostman failed elements of all three tests. Deputy Jackson then administered a preliminary breath test, which was positive for alcohol. He testified that, based on his seven years of experience as a law-enforcement officer, he believed Sostman to be intoxicated, and thus arrested him.

Counsel for Sostman confirmed that classifying the odor of alcohol as "faint" was the lowest possible classification on the Alcohol Influence Report (AIR) form. He posited that there were "multiple reasons why somebody's eyes might be glassy at 11:15 in the evening other than alcohol." Counsel confirmed that Sostman's speech was normal and not slurred, and that Sostman displayed no unusual actions and was cooperative. Regarding the gaze nystagmus test, Sostman exhibited four of six clues indicating intoxication on the horizontal test, and exhibited none of two on the vertical test. Regarding the walk-and-turn test, Sostman missed two of eighteen steps, in that he failed to maintain a heel-to-toe stance. Deputy Jackson agreed that he considered more than half an inch between the feet to constitute failure. Regarding the one-leg standing test, counsel for Sostman confirmed that although Sostman put his foot down once, he did not sway, use his arms to balance, or hop around.

Counsel argued that there was not sufficient evidence to establish probable cause at the time of the arrest, in that Sostman "passed as many of the nystagmus tests as he failed. He passed more of the walk-and-turn requirements.... [H]e passed three-quarters of the tests when it came to the one leg stand test. So he has passed far more than he flunked on any of these."

The Director admitted into the record Deputy Jackson's incident report, the AIR, and the breath test results, over objection. The incident report reflected that when Deputy Jackson initially pulled over Sostman, there was an open container of beer in his vehicle, which Sostman admitted he was drinking as he was driving. Sostman admitted having consumed between two and four beers between 7:00 p.m. and 11:00 p.m. Sostman's blood alcohol test, taken after his arrest using a DataMaster machine, registered a blood alcohol concentration (BAC) of .109. Sostman objected to admission of the breath test results, asserting, in summary, that because Deputy Jackon's permit to operate the Data-Master machine was issued by the Missouri Department of Health and Senior Services (DHSS) after a 2007 executive Order (2007 Order) had transferred authority over the Breath Alcohol Program from the DHSS to the Missouri Department of Transportation (MoDOT), his permit was without legal effect.

After the hearing, the trial court (1) found Deputy Jackson's evidence credible, but determined that the evidence "[did] not quite rise to the appropriate burden of proof to establish probable cause to believe [Sostman] committed an alcohol-related traffic offense"; and (2) omitted the BAC result, finding the performing Deputy lacked a proper permit to operate the breathalyzer machine. This appeal follows.

### Standard of Review

This court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *White v. Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010). We defer to the trial court's assessment of the evidence when the facts relevant to the issue are contested. *White*, 321 S.W.3d at

308. If facts are uncontested, we need not defer to the trial court's findings. *Id.* Evidence is uncontested if the issue before the court is stipulated and does not require the trial court to resolve any contested testimony, or if a party "has admitted in its pleadings, *by counsel,* or through the [party's] individual testimony the basic facts of [other party's] case." *Id.* (citation omitted) (emphasis added). "In such cases, the issue is legal, and there is no finding of fact to which to defer." *Id.* (citation omitted).

## Discussion

### Point I

■ In her first point on appeal, the Director argues that the trial court erred in finding no probable cause to believe Sostman committed an alcohol-related traffic offense. We agree.

■ Section 302.505 provides that, "[t]he department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight." Section 302.505.1, RSMo. (2001). At trial, the burden of proof falls upon the Director. *Connelly v. Dir. of Revenue*, 291 S.W.3d 318, 319 (Mo.App. E.D.2009). Under the statutory scheme, the Director must first present evidence to establish that there was probable cause to arrest the driver for an alcohol-related offense, and second to show that the driver's BAC was .08 percent or greater. *Id.* If the Director fails to meet her burden on any of these elements, the trial court is required to order the Director to reinstate the individual's driving privileges. *Storck v. Dir. of Revenue*, 59 S.W.3d 545, 548 (Mo.App. E.D.2001).

■ The record shows that Sostman did not contest the Director's evidence supporting probable cause for the arrest. Sostman did not, *inter alia*, point out through cross-examination internal inconsistencies in the evidence, or attack Deputy Jackson's credibility.[1] *White*, 321 S.W.3d at 308 (listing methods to contest evidence). Rather, counsel for Sostman admitted that Sostman smelled faintly of alcohol, his eyes were glassy, and that he failed elements of the gaze nystagmus test, walk-and-turn test, and one-leg standing test. *Id.* (facts admitted by counsel are uncontested). He then, however, argued that these indications of intoxication did not, in aggregate, amount to probable cause for arrest. This argument was purely a legal one. *Harlan v. Dir. of Revenue*, 334 S.W.3d 673, 678 (Mo.App. S.D.2011). Thus, whether Deputy Jackson had probable cause to believe Sostman was operating his vehicle while intoxicated is "a legal question we review without deference to the conclusion reached by the circuit court." *Id.*; *White*, 321 S.W.3d at 308.

■ Probable cause exists "when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed." *White*, 321 S.W.3d at 309 (citation omitted). In determining whether the Director has met her burden to show probable cause for arrest,

---

1. Moreover, unlike in *White,* the trial court here specifically determined Deputy Jackson's testimony to be credible. *White v. Dir. of Revenue,* 321 S.W.3d 298, 310–12 (Mo. banc 2010) (when Driver contested credibility of Deputy's testimony, trial court was free to reject that testimony in determining probable cause; because evidence was contested, appellate review was for abuse of discretion and appellate court should not substitute its judgment for that of trial court).

the trial court must assess the facts as they would have appeared to a prudent, cautious, and trained police officer, not on the hindsight of legal technicians. *Coffin v. Dir. of Revenue*, 277 S.W.3d 865, 869 (Mo.App. W.D.2009). "There is a 'vast gulf' between the quantum of information necessary to establish probable cause and the quantum of evidence required to prove guilt beyond a reasonable doubt." *Harlan*, 334 S.W.3d at 678 (citations omitted).

As the trial court found the Deputy's testimony to be credible, the Director's uncontested evidence was sufficient to give a prudent, cautious, and trained police officer reasonable grounds to believe that Sostman was driving a motor vehicle with a BAC above the legal limit. 302.505.1; *Coffin*, 277 S.W.3d at 869; *Harlan*, 334 S.W.3d at 678. Sostman smelled of alcohol, had glassy eyes, swayed while standing, admitted drinking two to four beers before (and while) driving, and failed elements of every field sobriety test. *See McCarthy v. Dir. of Revenue*, 120 S.W.3d 760, 763 (Mo.App. E.D.2003) (partial failure of field sobriety tests can still support a conclusion of probable cause).

Point granted.

### Point II

 In her second point on appeal, the Director argues that the trial court erred in excluding the breath test results and the maintenance records. We agree.

Sostman concedes that several cases handed down following the trial court's ruling have conclusively established that permits to operate breath tests machines issued by DHSS are valid and the test results are admissible in proceedings to suspend a motorist's driver's license.

*Schneider v. Dir. of Revenue*, 339 S.W.3d 533 (Mo.App. E.D.2011); *see also Grafeman v. Dir. of Revenue*, 344 S.W.3d 861 (Mo.App. W.D.2011); *Griggs v. Dir. of Revenue*, 344 S.W.3d 799 (Mo.App. S.D. 2011). Applying this subsequent case law, the trial court erred in omitting the breath test results.

Sostman argues, however, that because the Director's evidence listed two BAC amounts, "[c]learly, the Director has not proved by a preponderance of the evidence that the breathalyzer test results are accurate." The DataMaster evidence ticket reported a BAC of .109, but Deputy Jackson had written a BAC of .107 on the AIR. The trial court determined that the DataMaster evidence ticket read .109, and posited that the .107 on the AIR was a typographical error. We agree with the court. The evidence presented at trial was sufficient to establish that Sostman had a BAC over .08, and thus formed a sufficient basis for the Director's suspension of Sostman's driver's license and disqualification of his commercial driving privileges.[2] Section 302.505; Section 302.755, RSMo. (2009).

Point granted.

### Conclusion

The judgment is reversed and the cause is remanded for the trial court to reinstate the Director's administrative suspension of Sostman's license and disqualification of his commercial driving privileges.

CLIFFORD H. AHRENS, P.J., and ROY L. RICHTER, J., concur.

---

**2.** The suspension of a motorist's driver's license under Section 302.500–.540 constitutes a "conviction" for purposes of the Commercial Driver's License Act, thus meriting a disqualification of the motorist's commercial driving privileges. *Strup v. Dir. of Revenue*, 311 S.W.3d 793, 797–98 (Mo. banc 2010).