

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CHARLES ANDERSON, | ) | ED107027 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| v. | ) | 15AB-AC01852 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Honorable David L. Hoven |
| | ) | |
| Appellant. | ) | Filed: July 16, 2019 |

### Introduction

The Director of Revenue (Director) appeals the judgment of the trial court in favor of Respondent Charles Anderson (Anderson), which reinstated Anderson's driver's license because it found the Director failed to establish there was probable cause to believe Anderson operated his vehicle while intoxicated. The Director argues the trial court erroneously applied Missouri law regarding what constitutes "driving." We reverse.

### Background

On September 21, 2015, Sergeant Joseph Renkenmeyer of the Washington Police Department received a call from dispatch that a gas station clerk had reported a vehicle parked by the gas station for about an hour, with the driver passed out inside the vehicle. Sergeant Renkenmeyer and Sergeant Chad Sloan arrived at the gas station and saw the

vehicle parked with its engine running. The vehicle was not parked in a parking spot. It was not illegally parked, but Sergeant Renkenmeyer observed it was unusually parked. He testified he had seen vehicles parked along the same side of the gas station before, but not the way this vehicle was parked. The officers observed Anderson in the vehicle, slumped forward with his eyes closed. Sergeant Renkenmeyer knocked on the window and shook the vehicle in order to rouse Anderson. Sergeant Renkenmeyer asked Anderson to unlock and open the door, which Anderson did. Sergeant Sloan reached in and turned off the engine.

Sergeant Renkenmeyer asked Anderson if he had had anything to drink, and Anderson initially replied, "Yeah, some water and bit of soda." Sergeant Renkenmeyer asked specifically about alcoholic drinks, and Anderson replied, "A little bit" and "It's been over an hour." Sergeant Renkenmeyer asked Anderson if he drove himself to the gas station, and Anderson said that he did. Sergeant Renkenmeyer asked Anderson to submit to a preliminary breath test (PBT), but Anderson refused.

The Director revoked Anderson's license for a period of one year due to Anderson's refusal to submit to a chemical test, in violation of Section 577.041, RSMo. (Supp. 2015).[1] Anderson filed a petition for review in the circuit court, which reversed the revocation of Anderson's driver's license, finding that there was not substantial and competent evidence to establish probable cause for believing Anderson drove his vehicle while intoxicated. This appeal follows.

---

[1] The statute has since been amended, and currently the Director has authority to revoke a person's license under Section 302.574, RSMo. (Supp. 2017), rather than under Section 577.041. We will discuss the version of Section 577.041 in effect at the time of Anderson's revocation throughout this opinion.

2

## Standard of Review

Our review of a court-tried case is governed by the principles set forth by the Missouri Supreme Court in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id. We defer to the trial court's factual findings. Sostman v. Dir. of Revenue, 363 S.W.3d 55, 57 (Mo. App. E.D. 2011). But if our inquiry is purely legal, we need not defer to the trial court's conclusion. See Hampton v. Dir. of Revenue, 22 S.W.3d 217, 220 (Mo. App. W.D. 2000).

## Discussion

The Director's sole point on appeal is that the trial court erroneously reinstated Anderson's driver's license due to a misapplication of the statutory definition of "drive." We agree.

According to Section 577.041.1, if a person under arrest or who has been stopped refuses to submit to an officer's request for a chemical test, that "person's license shall be immediately revoked upon refusal to take the test." In order to uphold the revocation, as relevant here, the Director must show (1) the person was arrested or stopped, (2) the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition, and (3) the person refused to submit to a chemical test. Section 577.041.4. At issue on appeal is whether the Director established that Sergeant Renkenmeyer had probable cause to believe Anderson was driving while intoxicated.

"Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a

3

suspect has committed an offense." Hinnah v. Dir. of Revenue, 77 S.W.3d 616, 621 (Mo. banc 2002). The determination of probable cause is based on "the information in the officers' possession prior to the arrest." Id. The test is not precise, but rather depends on "the particular facts and circumstances of the individual case." Id.

The pertinent definition of "driving" is "physically driving or operating a motor vehicle." Section 577.001.2, RSMo. (Supp. 2015).[2] In Cox v. Director of Revenue, the Missouri Supreme Court analyzed the terms "driving" and "operating" used in Section 577.001.2. 98 S.W.3d 548, 550 (Mo. banc 2003). The court, looking to dictionary definitions, determined "drive" had the more narrow definition of "guid[ing a] vehicle along or through," whereas "operate" was defined more broadly as "to cause to function usually by direct personal effort: work (~ a car)." Id.; see also State v. Chambers, 207 S.W.3d 194, 197 (Mo. App. S.D. 2006) (discussing Cox).

Here, because Anderson's vehicle was not moving, the issue is not whether he drove, but whether he operated the car while intoxicated. The Cox court indicated that "the bright-line test to operate a car [is] caus[ing] its motor to function. Once the key is in the ignition, and the engine is running, an officer may have probable cause to believe that the person sitting behind the steering wheel is operating the vehicle[,] even if that person is sleeping or unconscious" Cox, 98 S.W.3d at 550. In Cox, the court found probable cause existed where the parties had stipulated that the key was in the ignition, the engine was running, and the alleged driver was sitting behind the steering wheel asleep. Id.

---

[2] Section 577.001 has since been amended to move the definition of "driving" to subsection 9, and to include "vessels," but our discussion here focuses on the version of the statute in effect at the time of Anderson's revocation.

4

Anderson focuses on the Cox court's use of the word "may," which seems to indicate that such facts do not necessarily constitute per se operation, and that probable cause is still ultimately a determination based on the facts and circumstances of the particular case. Hinnah v. Dir. of Revenue, 77 S.W.3d 616, 621 (Mo. banc 2002). While this is true, the facts of this case are virtually identical to the facts in Cox.[3] Anderson points out that in Cox, there was no evidence regarding what time the driver had parked the vehicle at the gas station, whereas here, both the gas station clerk and Anderson himself stated the vehicle had been parked for about an hour. However, the Cox court stated that a person found in the driver's seat with the engine running may give probable cause to find the person *is* operating the vehicle, not that the person *had* operated the vehicle at some prior point. Cox, 98 S.W.3d at 550; see also State v. Barac, 558 S.W.3d 126, 130 (Mo. App. W.D. 2018) (discussing Cox, noting person "operates" vehicle if key is in ignition and engine is running); Harper v. Director of Revenue, 279 S.W.3d 251, 257-58 (Mo. App. S.D. 2009) ("A vehicle with its engine running and its lights on is functioning and gives rise to a reasonable inference that it is being operated by someone at that point in time").

Here, the motor of the vehicle was functioning at the time Sergeant Renkenmeyer encountered it, and Anderson was passed out in the driver's seat. The car was unusually parked at the gas station, and Anderson admitted he had driven it there. Anderson does not dispute the evidence supporting probable cause to find he was intoxicated at the time

---

[3] We are not persuaded by Anderson's emphasis on the fact that Cox was decided on stipulated facts, whereas here the facts are contested. The relevant facts of the engine running and Anderson sitting in the driver's seat are not contested in this case. We also are not persuaded by Anderson's argument that the Cox court inappropriately applied a burden to the driver because it was decided prior to White v. Director of Revenue, which held that courts had erroneously given a presumption of validity to the Director's evidence and then required the driver to present evidence to rebut the presumption. 321 S.W.3d 298, 306 (Mo. banc 2010). Cox was decided on stipulated facts and there is no indication in the court's opinion that the court improperly imposed a burden on the driver or gave undue weight to the Director's evidence.

5

Sergeant Renkenmeyer encountered him. Given the facts and circumstances in this case, we find there was probable cause to believe Anderson operated the vehicle in an intoxicated condition based on the information Sergeant Renkenmeyer had at the time.[4] The trial court erroneously applied the law when, in order to find Anderson *operated* the vehicle while intoxicated, the court indicated it required evidence of Anderson's intoxication one hour prior, when Anderson *drove* the car. Such a standard of proof renders the statute's inclusion of the term "operation" meaningless, and we decline to interpret Section 577.041 in such manner. The undisputed facts that Anderson was in the driver's seat of a running car that he had driven there, along with the trial court's finding that probable cause existed of Anderson's intoxication at the time Sergeant Renkenmeyer encountered him, constitute substantial evidence supporting a finding of probable cause to believe Anderson operated the vehicle while intoxicated. Thus, we direct the trial court to sustain the revocation of Anderson's license upon remand. Point granted.

## Conclusion

We reverse the judgment of the trial court, and we remand with directions to sustain the revocation of Anderson's driver's license.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concur.
Colleen Dolan, J., concur.

---

[4] Anderson argues such a conclusion ignores Cox's statement that such facts only *may* rise to the level of probable cause, but we disagree. While we decide only the case before us, we nevertheless can envision situations in which the circumstances surrounding an intoxicated person seated in a running vehicle, such as a truck driver parked at a truck stop or person parked in an RV park, will not merit a reasonable inference that the person was operating the vehicle while intoxicated. Cox suggests that it is necessary to take into account more than the technical facts of the car running with an intoxicated person inside in the determination of probable cause, and courts will continue to do so on a case-by-case basis.

6